CALOGERO, Justice.
Defendant, Robert Hicks, was charged by grand jury indictment with the aggravated rape of his eleven year old stepdaughter, in violation of R.S. 14:42. A jury found him guilty as charged and the trial court sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant moved for a new trial based essentially upon newly discovered evidence, alleging that he had not received an exculpatory medical report from the state prior to trial. The trial judge denied the motion, finding that the report was not so exculpatory as to warrant a new trial.[1] In effect, the trial judge concluded that the evidence was not such that it would likely have prompted the jury to reach a different verdict.
On appeal, defendant urges four assignments of error, the second, third, and fourth of which were submitted by supplemental brief. The assignments are: (1) the trial court should have granted a new trial since the medical report was previously unavailable and was exculpatory in nature; (2) the state’s case worker consented to the victim’s medical examination in place of her parents or legal guardian, in contravention of R.S. 40:1299.40 and R.S. 40:1299.53; (3) the victim should have been allowed to visit with her mother alone away from the foster home, while defendant was in jail awaiting trial; and (4) defendant’s attorney, now deceased, should have objected to the victim’s being allowed to testify in open court. Upon review, we find none of these assignments have merit. Since the second, third and fourth assignments involve legal issues governed by clearly applicable principles of law, we have discussed and disposed of them in an appendix attached to this opinion which remains a public record of this Court but which is not to be published in the Southern Reporter.
Pertinent to the first assignment of error, La.C.Cr.P. art. 851 provides in part:
.. . [t]he court, on motion of the defendant, shall grant a new trial whenever . . . (3) new and material evidence, that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.. . .
In reviewing defendant’s assignment of error directed to denial of defendant’s motion for a new trial in this case, we first consider whether the defendant could have discovered the evidence with the exercise of reasonable diligence before or during trial. The state’s response to the relevant portion of *512 defendant’s motion for discovery [2] was “See attached reports.” Whether such reports were attached is disputed but the transcript of the sentencing hearing on March 19,1980 reveals that the judge was satisfied that the defendant had received all the material that he had requested prior to trial. Furthermore, even assuming that the state had not attached the medical report to their response to defendant’s discovery motion, counsel had ample opportunity to pursue the matter far in advance of trial either by communication with the district attorney’s office or by protesting at the court hearing on this matter scheduled for December 13, 1979.[3]
Secondly, as to the nature of the material itself, the trial judge in denying the motion for a new trial found that the exculpatory material in the medical report would probably not have changed the verdict. With this opinion, we agree. The report would have been useful to the defense. The friend who reported the claim to the authorities maintained that the victim’s vagina and anus appeared swollen. The doctor who examined the victim the next day, apparently did not confirm that finding. And the doctor presumably discovered that the victim still possessed an unbroken hymen, a finding inconsistent with vaginal intercourse, although it did not preclude the possibility of slight penetration. R.S. 14:42. This evidence does not establish that there might not have been slight penetration. More importantly, however, it does not contradict the evidence of anal intercourse and, of course, anal intercourse fits the definition of aggravated rape.[4] As we set forth in State v. Shannon, 388 So.2d 731, 734 (La.1980), it is well settled that “[t]he test for whether a new trial should be granted [under La.C.Cr.P. art. 851(3)] is not simply *513 whether another jury might bring a different verdict, but whether the new evidence is so material that it ought to produce a different result than the verdict reached.” So, besides the defense deficiency on the exercise of reasonable diligence, we agree with the trial judge that even had the medical report been presented as evidence, it was not so material that it ought to produce or would have produced a different result.

Decree

For the foregoing reasons, we find that the trial judge ruled correctly when he denied the motion for a new trial. We affirm defendant’s conviction and sentence.
AFFIRMED.

. As part of his oral reasons to deny defendant’s motion for a new trial, the trial judge said: “... this alleged crime allegedly occurred on September 5, 1979 and the victim was not examined until October 24, 1979, and in addition the alleged intercourse in this case was anal and there is no conclusive evidence in the report of an anal intercourse.”

. V. Does the State have in its possession, custody, control or knowledge any results or reports or copies thereof of physical or mental examination and of scientific tests or experiments made in connection with or material to this case which the District Attorney intends for use at trial or which is exculpatory in nature? If so, defendant moves to require the state to allow defendant to inspect and copy, photograph or otherwise reproduce the results or reports of examinations and tests.

. On this question, the trial judge said at the defendant’s sentencing hearing:
On December 6, 1979, various discovery motions were filed by counsel for the defendant and they were taken up by the Court, and counsel for the defendant advised that he was satisfied with the District Attorney’s answer to the discovery motion except for number five, ... It states, the answer is: See attached reports. Then the Court stated, “Would you see that he gets the attached reports?” Mr. Grosz said, “Yes, Your Honor. There is reference in my file to certain medical reports, that certainly Mr. Loop is entitled to under the Criminal Procedure, and I will provide them to him as soon as the police bring them over. I called the police and asked them to get them over as soon as possible.” Now, Mr. Grosz testified that he delivered them to Mr. Loop, presumably after he received them from the police. Mr. Loop has denied receiving them. However, on December 6, 1979, there is a minute entry which says, “Motion for reduction of bond, matter heard and submitted, denied. The pending motions for discovery, Bill of Particulars and production are satisfied with the exception of number five after viewing the DA’s file. Hearing on number five of motion is continued to December 13, 1979 . . . . ”
Now, the December 13, 1979 minute entry states, “The defendant Robert D. Hicks did not appear before the bar of the Court this date for hearing. He was unrepresented. The Court advised that motions for discovery, Bill of Particulars and production of number five is satisfied by phone call to Court by defense counsel. Trial is continued to January 14, 1980. Now, I know that I wouldn’t have said anything unless I did receive such a phone call . . . . ”

.R.S. 14:42 reads:
Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
3) Where the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. (Emphasis provided)