441 So.2d 339 (1983)
STATE of Louisiana
v.
Michael BECNEL.
No. 83-KA-355.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
*340 Frank J. Uddo, New Orleans, for Michael Becnel defendant-appellant.
Harry R. Morgan, Asst. Dist. Atty., 29th Judicial Dist. Court, Parish of St. Charles, Hahnville, Barbara Rutledge, Asst. Atty. Gen., La. Dept. of Justice, Criminal Division, New Orleans, for State of La. plaintiff-appellee.
Before BOUTALL, GAUDIN and GRISBAUM, JJ.
BOUTALL, Judge.
The appellant Michael Becnel appeals his conviction of manslaughter, which resulted in a sentence of 12 years imprisonment. We affirm the conviction for the reasons which follow.
Michael Becnel was indicted and tried for the shooting of the man whom his former girlfriend began dating after she and appellant had broken off a 2½ year relationship.
The shooting took place at the home of the former girlfriend, Mary Washington, on the night of February 27, 1982. On that night Becnel came by Washington's house, ostensibly to retrieve his television set. He was armed at the time with a handgun. When Becnel was refused entry into the house he forced his way in, and according to Mary Washington's testimony, then struck her and she fell.
Becnel proceeded down the hall to one of the rear bedrooms and as Washington got up to go after him, three to four shots were fired. At this point, the testimony is conflicting.
Washington and her 14 year old daughter Daron testified that Becnel was shouting, "Where is White Eye [the victim]? That's who I want." Both also testified that Becnel fired first, through the open door of the back bedroom. The victim then returned fire, wounding Becnel in the abdomen. According to Washington Becnel then fired two more shots before retreating down the hallway.
Appellant's version of the story was that he was ambushed in the hallway, and that the victim fired first, from behind the bedroom door. Becnel testified that he then fired two shots into the closed bedroom door in an act of self-defense.
The victim, Donald Borne, also known as "White Eye," was fatally wounded by one of the shots fired by Becnel, and died the next morning. Becnel drove himself to the hospital for treatment of his gunshot wound.
Becnel was indicted for second degree murder and a jury of 12 returned a verdict of manslaughter. The trial judge, citing Becnel's lack of criminal record and his belief that appellant was unlikely, judging from his past productive life, to commit another crime, sentenced appellant to 12 years at hard labor out of the maximum possible under La.R.S. 14:31 of 21 years.

ASSIGNMENTS OF ERROR
Appellant initially assigned 9 specifications of error for our review, but since he *341 has briefed only 5, and has not elected to orally argue this case, we consider the other four assignments of error to be abandoned.
Assignments of Error
1. The trial court erred in not quashing the bill of indictment based on the fact that the indictment was in improper form.
2. The trial court erred in qualifying Louise Braun as a firearms identification expert, since she did not know the weight conversions between a 7mm and an 8mm bullet.
3. The trial court erred in refusing to accept as an expert witness the private investigator of the defendant, Mr. John Haydel.
4. The trial court erred in not permitting the diagram drawn by the private investigator, John Haydel, to be introduced into evidence.
5. The trial court erred in not granting the motion for new trial.
The indictment defect of which appellant complains in Assignment of Error # 1 appears to be that "A True Bill" was printed, not hand-written on the indictment and that the Grand Jury foreman's identity cannot be ascertained from the indictment because his signature is illegible.
Notwithstanding the fact that the Motion to Quash was not timely presented to the trial court, we will make the following observations with regard to this argument. Firstly, in State ex rel v. Henderson, 259 La. 691, 251 So.2d 639 (1971) the Louisiana Supreme Court held that the endorsement "A True Bill" is not required to be hand-written.
Secondly, we have uncovered no requirement under the law that the Grand Jury foreman's signature be legible. Furthermore, the foreman's identity was ascertained and read into the record prior to commencement of the trial.
This assignment of error has no merit.
In Assignments of Error # 2 through 4 appellant complains of various evidentiary rulings of the trial court. Relative to the trial court's rulings on expert testimony, La.R.S. 15:466 provides:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
The law is well established that the trial court's rulings on the competence of an expert witness will not be disturbed on appeal in the absence of manifest error. State v. Coleman, 406 So.2d 563 (La.1981). Our review of the record discloses no manifest error. We also note that the defense witness, private investigator John Haydel, was allowed a great deal of latitude in his testimony as to his findings at the scene of the incident, even though he had never received training in or been certified as a crime scene technician nor had he had ballistics training.
As to Assignment of Error # 4, that Mr. Haydel's diagram of Mary Washington's house should have been admitted into evidence, we find no manifest error either. The diagram was not to scale, and thus the potential for it to promote misconceptions about the spatial relationships involved was great. Further, the diagram was on display to the jury throughout the trial, and was used by the defense in its cross-examination of Mary Washington. It is clear once again that the defense was allowed quite a bit of latitude in its presentation though this diagram was ultimately deemed inadmissible, and properly so, we think.
Finally in Assignment of Error # 5 appellant argues that the trial court erred in denying his motion for a new trial on the grounds that the verdict was contrary to the law and the evidence and that the ends of justice would be served by granting appellant a new trial. On the latter ground which is urged, a denial by the trial court presents nothing for our review. State v. Hicks, 405 So.2d 510 (La. 1981). As to the former ground, it is essentially *342 a challenge of the sufficiency of the evidence under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Our review of the record discloses ample evidence to support beyond a reasonable doubt the jury's verdict, when considered by a rational trier of fact in the light most favorable to the prosecution. The comparative credibility of the eye witnesses and the defendant must not in this case be confused with insufficiency of the evidence, and it is not the function of this court to reevaluate the credibility of witnesses and to overturn a jury's determination of appellant's guilt based on their appreciation of the testimonial evidence. La. Const, of 1974, art. 5, Section 10(B). Such is not the inquiry mandated by Jackson v. Virginia, supra, and we find that no valid Jackson issue exists in this case.
For the foregoing reasons, the conviction of Michael Becnel is affirmed.
AFFIRMED.