BOUTALL, Judge.
Richard Vinet was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64, and found guilty as charged. Vinet was sentenced to 99 years at hard labor without benefit of parole, probation, or suspension of sentence, the sentence to run consecutively with another *349 sentence defendant was serving.[1] This appeal followed.
Vinet assigns these errors for our review:
(1) The trial court committed reversible error in denying defendant’s motion to suppress.
(2) The trial court committed reversible error in denying defendant’s motion for a new trial.
(3) The trial court committed reversible error in imposing a sentence of 99 years at hard labor without benefit of probation, parole or suspension of sentence.
FACTS
On June 30, 1983, around 8 p.m. Barbara Edgar was home alone when the defendant knocked on her door. Mrs. Edgar let the defendant in, thinking he was looking for her daughter Nancy. Nancy was the defendant’s former girlfriend. The defendant looked around the entire house for Nancy at Mrs. Edgar’s suggestion, but did not find her. Instead, defendant pulled a gun on Mrs. Edgar and said, “I’m going to kill you.” Apparently defendant changed his mind and then robbed Mrs. Edgar. Defendant took the money but before he left warned Mrs. Edgar, “Don’t think I’m afraid to kill you...” Mrs. Edgar saw the defendant get in a truck and leave; shortly thereafter she called the police.
Almost one week later, defendant was arrested at his home. Police searched the house pursuant to a search warrant and found a .38 caliber Rossi gun, which was identified by Mrs. Edgar at trial as the gun similar to the one used by the defendant in connection with the armed robbery.
ASSIGNMENT OF ERROR 1
Appellant first contends the trial court erred in denying his motion to suppress his confession and inculpatory statements made to the police, prior to the confession.
This argument can be broken down into two parts. First, appellant contends he was intoxicated and that he could not knowingly or voluntarily waive his rights and make a confession or inculpatory statements. Appellant next contends he was denied his right to counsel. We find both arguments lack merit.
After defendant’s arrest, he was taken to the Jefferson Parish Detective Bureau, where he made oral inculpatory statements and an oral confession. At this point, defendant had been given his Miranda rights twice: when he was arrested at his house, and then at the station before he confessed. Defendant had also signed a waiver of ar-restee rights form prior to giving the confession. These statements and the oral confession were admitted into evidence at trial over the defense’s objection.
LSA-C.Cr.P. Article 703(D) provides that while the State has the burden of proving the admissibility of a confession or statement, the defendant must prove the ground of his motion. LSA-R.S. 15:451 states that before the State can introduce a confession into evidence, it must prove beyond a reasonable doubt that the statement was “free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises.” Diminished mental or intellectual capacity does not of itself vitiate the ability to knowingly and intelligently waive constitutional rights and make a free and voluntary confession. The critical factor is whether the defendant was able to understand the rights explained to him. State v. Brown, 445 So.2d 456 (La.App. 5th Cir. 1984); State v. Benoit, 440 So.2d 129 (La.1983).
At the suppression hearing the only witness to testify was Detective Buras of the Jefferson Parish Sheriff’s Office, who testified that defendant appeared to understand his rights when read to him, and that defendant did not appear to be under the influence of alcohol or drugs. Further, Buras testified that no coercion or threats *350 were made to the defendant and that defendant’s confession was voluntarily given.
We feel, based on the uncontroverted testimony of Detective Buras at the suppression hearing, that the State met its burden of proof, and that defendant’s confession and statements were admissible. This conclusion is supported by our decision in State v. Vinet, supra, a matter involving the same defendant wherein we held the confession (which is the same as in the instant case) was free and voluntary, and that defendant was not intoxicated at the time of his confession. Moreover it was there held that defendant waived his right to counsel during custodial interrogation.
Essentially, defendant argues that his request for a chance to speak to the district attorney concerning possible plea bargaining[2] should amount to a request for counsel, and that all interrogation should have ceased. Appellant cites no authority for this proposition and we have found none.
Regardless of the above, it is clear appellant cannot prevail because the oral confession he gave was made prior to the defendant’s request to talk to the district attorney. Thus, even if his request could have been construed as a request for counsel, triggering Miranda safeguards, it is simply irrelevant because his confession preceded his request. Accordingly, we find that the trial court properly denied defendant’s motion to suppress.
Assignment 1 lacks merit.
ASSIGNMENT OF ERROR 2
Appellant next contends the trial court committed reversible error in denying his motion for new trial. Initially we note that although appellant did not brief this issue, we feel it merits some attention.
Defendant moved for a new trial on the ground that during trial he was shackled at the feet with chains and manacles, and that “... such restraints were unnecessary and constituted and [sic] affront to the dignity and decorum of the judicial proceedings ...” Additionally, defendant alleged that the uniformed police officers stationed within a few feet of the defense table were likewise unnecessary.
Prior to trial, defense counsel had objected to the restraints and the uniformed officers, but the trial judge felt they were necessary for security reasons. He stated it was the Jefferson Parish Correctional facility which requested the shackles and that request, combined with his concerns for the security of the courtroom and jurors, prompted his decision. Further, the judge added he would do all in his power to see that the defendant was not seen shackled by the jury. Moreover, it must be remembered that at the time of this trial, defendant had been convicted of second degree murder and thus did pose a possible security threat to the court and the public.
We feel the trial judge’s actions were well within his discretion, and accordingly find that this assignment lacks merit.
ASSIGNMENT OF ERROR 3
Appellant contends the trial court committed reversible error in imposing a 99 year sentence, said sentence to run consecutively with the one appellant was serving for his conviction for second degree murder. Again we note that while this assignment was not briefed, we feel it merits attention.
The instant sentence for armed robbery, 99 years, is the maximum allowed under LSA-R.S. 14:64. We feel this sentence does not constitute an abuse of the trial court’s discretion. While generally maximum sentences are reserved for the worst type of offenders, State v. Telsee, 425 So.2d 1251 (La.1983), the trial judge obviously felt the circumstances leading up to defendant’s conviction warranted it. Specifically, we note that defendant first threatened to kill Mrs. Edgar, but changed his mind and robbed her. However, he *351 threatened her as he left that he was not afraid of killing her. Next Mrs. Edgar testified that defendant called her the day after he robbed her and told her he was sorry he hadn’t killed her. Thus, until the time of defendant’s arrest, Mrs. Edgar was probably in great fear for her life, never knowing whether defendant would come back to her house and kill her, or what he would do. Also, the trial judge certainly considered the fact that defendant was already serving a sentence for second degree murder. We therefore find no abuse of discretion in imposing this sentence.
Accordingly, assignment 3 lacks merit.
The conviction and sentence are affirmed.
AFFIRMED.

. The defendant was convicted of second degree murder on February 15, 1984, and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, affirmed by this court March 11, 1985. State v. Vinet, 466 So.2d 544 (La.App. 5th Cir. 1985).

. Defendant was also being questioned on the murder charge and defendant stated he knew he would get more time for armed robbery than murder: thus he might "cut a deal” with the district attorney.