BOWES, Judge.
Defendant-appellant, Louis A. Fanning, Jr., was charged by a bill of information with violating LSA R.S. 14:34.1, second degree battery, in connection with an attack on his girlfriend, Debra McGowan, in the early morning hours of August 11, 1984. Following a trial before a jury, Fanning was convicted of violating R.S. 14:35, simple battery, a lesser charge.
Defendant appeals that conviction arguing, in brief, the following two assignments of error:
1. At the trial of this matter on February 11, 1985, the appellant assigns error to the ruling of the trial court denying him a mistrial when the District Attorney unlawfully referred to evidence Of other crimes.
2. The appellant assigns error to the ruling of the trial court when it refused to overrule the appellant’s objection to relevancy of a question asked by the District Attorney which illegally referred to evidence of another crime.
Originally, the defense filed six assignments of error in the trial court. Four of those assignments were not briefed and, as such, we deem them abandoned. See Uniform Rules — Courts of Appeal, Rule 2— 124; State v. Smith, 452 So.2d 251 (La. App. 5th Cir.1984); and State v. Becnel, 441 So.2d 339 (La.App. 5th Cir.1983).
Although the defense lists two separate assignments of error, the issues raised are intertwined and were argued together by the defense in brief. We will take that same posture in our review.
Under cross-examination by defense counsel, Douglas A. Allen, Jr., the victim, Ms. McGowan, was asked: “Was there a reason you didn’t want to have sex [with the defendant, Mr. Fanning]?” She responded: “Because, no, just because he was probably loaded and I was sleeping. He had been doing drugs earlier that night.” [emphasis ours]
During re-direct examination by Gerald Alonzo, Assistant District Attorney, the following exchange took place:
BY MR. ALONZO:
Q. Debbie, you testified under cross-examination a few moments ago Mister Fanning was doing drugs.
MR. ALLEN:
Your Honor, I’m going to object to this as being a violation of, in fact, I’m going to ask that the jury be excused.
THE COURT:
*549 All right. Ladies and gentlemen, would you please step into the jury-room.
(WHEREUPON THE JURY EXITS THE COURTROOM)
MR. ALLEN:
Your Honor, I’m going to ask for a mistrial because the question from the District Attorney has brought up evidence of another crime which is not admissible and as Your Honor knows I believe that’s appropriate for a mistrial at this time.
THE COURT:
What’s your response, Mister Alonzo? MR. ALONZO:
It’s not a question from the District Attorney. It’s a question from him. She testified that the man was doing drugs. He became violent. That’s why she didn’t want to leave. I didn’t finish my question to ask her. [...]
THE COURT:
I understand. I believe it was brought up on your cross and because of that I don’t believe it’s proper for a mistrial so your motion is denied.
MR. ALLEN:
Okay, well, then in that case I’m going to ask that this line of questioning be ended.
MR. ALONZO:
I asked my question. I was just really going to ask her if she was using them, also. That’s all I was going to do. He interrupted me before I got the question out. That’s all I was going to ask and I have one question to ask and that’s it.
THE COURT:
All right. Your motion is denied. I think that’s a proper question. [...] (JURY RETURNS) [...]
BY MR. ALONZO:
Q. Debbie, you testified earlier that if I remember correctly that you .did not want to leave with him because he was he was [sic] using drugs that night; is that correct?
A. Yes, it is.
Q. Were you using drugs that night?
A. No, I wasn’t.
MR. ALONZO:
I have no further questions.
An incident very similar to the event above took place in State v. Young, 448 So.2d 760 (La.App. 2nd Cir.1984), writs denied 450 So.2d 954. In addressing defendant’s claim that a witness’ reference to defendant’s criminal background should have been considered grounds for a mistrial by the district judge, our brothers on the Second Circuit, with whom we agree, stated:
 A direct or indirect reference to a crime committed or alleged to have been committed by a defendant, as to which evidence would be inadmissible made within the hearing of the jury by the judge, district attorney, or a court official, during trial or in argument would require a mistrial on motion of the defendant. La.C.Cr.P. Art. 770(2). A defense witness is not a court official and the unresponsive remarks of this defense witness were at best unsolicited indirect references to other crimes which are not imputable to the state. Accordingly,,La. C.Cr.P. Art. 771 is applicable. State v. Stucke, 419 So.2d 939, 951 (La.1982).
[...]
Consequently, in the absence of clear prejudice, the defendant is entitled only to an admonition, if requested, to the jury to disregard the objectional remark of the witness. State v. Stucke, supra; State v. Lewis, 315 So.2d 626 (La.1975). No request for an admonition was made, and the mistrial was properly denied because there was no showing made that an admonition would not have been sufficient to assure the defendant a fair trial.
While the remarks in the present case came from a state witness, they came on cross-examination by the defense and were most certainly unsolicited. As to the redirect examination by the prosecutor, LSA R.S. 15:281 states:
The redirect examination must be confined to the subject matter of the cross-examination and to the explanation of *550 statements elicited on cross-examination; but the application of this rule is within the discretion of the trial judge, provided that the opportunity be not denied to recross on the new matter brought out on the redirect.
See also State v. Huizar, 414 So.2d 741 (La.1982). The trial court did not abuse its discretion in permitting the State to ask its witness on redirect examination questions about the defendant’s possible use of drugs on the night of the attack where that information had first come to light during her cross-examination by the defense. This assignment has no merit.
Defense also complains about another episode where illegal narcotics were the focus of attention. The State, while cross-examining the defendant, asked: “Mister Fanning, have you ever been convicted of a crime before?” There was an immediate objection by the defense and, after a discussion between the judge, the prosecutor, and the defense attorney, the objection of “irrelevancy” was overruled. The defendant, Fanning, then answered: “Yes, sir, [...] I was convicted of possession of cocaine ...” LSA R.S. 15:495 states in pertinent part: “Evidence of conviction of crime ... is admissible for the purpose of impeaching the credibility of the witness.... ” In State v. Frentz, 354 So.2d 1007 (La.1978), the Supreme Court stated: “... If the accused takes the stand, he places his credibility at issue, and his credibility may then be attacked in the same manner, with the same limitations, as in the case of any other witness.” This argument is also without merit.
ERROR PATENT
LSA C.Cr.P. art. 920 provides “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) an error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
A review of the record shows that the defendant was convicted of violating R.S. 14:35, simple battery, a misdemeanor, and was sentenced to six months in parish prison, which sentence was suspended. As a special condition of probation, Fanning was sentenced to serve three (3) months in the parish prison. La.C.Cr.P. art. 895(B) states “[i]n felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed two years.” [emphasis added]
A recent Louisiana Supreme Court case, State v. Wagner, 410 So.2d 1089, 1091 (La.1982), held “[therefore, we find merit in defendant’s argument that imposition of a prison term as a condition of probation in misdemeanor cases is not authorized by La.C.Cr.P. art. 895, and, thus, such a condition could not be added to his probation.”
Therefore, we find that the defendant’s sentence of three (3) months in Parish Prison is illegal as per La.C.Cr.P. art. 895(B) which allows a defendant to serve a term of imprisonment as a condition of probation only in felony cases.
Accordingly, for the reasons stated, we annul and set aside that portion of defendant’s conviction which calls for him to serve three months in parish prison; in all other respects his conviction and sentence are affirmed.
AFFIRMED IN PART, ANNULLED AND SET ASIDE IN PART.