KLIEBERT, Judge.
Robert E. Paige, defendant, was charged on November 14, 1987 by bill of information with one count of illegally carrying a weapon by a convicted felon and with one count of armed robbery, violations of LSA-R.S. 14:95.1 and 14:64, respectively. He pled not guilty to both counts and was tried by a twelve person jury on the armed robbery charge.[1] The jury returned the responsive verdict of first degree robbery, a violation of LSA-R.S. 14:64.1,[2] and defendant was sentenced to forty years at hard labor, without benefit of parole, probation or suspension of sentence — the statutory maximum. He was given credit for time served.[3] We affirm.
On appeal, defendant alleges the following errors by the trial court:
1. The trial court erred in denying appellant’s motion for a mistrial premised upon the state’s reference in closing argument to appellant’s failure to testify in his own defense.
2. The trial court imposed an excessive sentence.
3. Also assigned as error are any and all errors patent on the face of the record.
FACTS
In the early morning of November 14, 1987, Carolyn Manning returned to her Westwego apartment after going out with a friend. She drove into the parking lot of the apartment complex where she lived, exited her car, and was walking to her apartment when someone grabbed her. The assailant stuck a gun in her face, pushed her against a cement barrier, and said he was going to kill her. He then forced Ms. Manning into her car and began to drive off, continuing to hold the gun.
As defendant turned onto Tanglewood Drive, Ms. Manning jumped from the moving car and ran to a donut shop where she found Officer Robert E. Lynch of the West-wego Police Department. Officer Lynch chased Ms. Manning’s vehicle, which he was able to stop. He ordered the driver out of the vehicle, later identified as the defendant, and testified he saw what he thought was a gun in defendant’s waistband. Because of that and the fact Ms. Manning stated he had a gun, Officer Lynch ordered defendant to lay down. Instead, defendant ran off. Officer Lynch gave chase on foot but defendant was able to get away. Later that week, the gun allegedly used in the crime was found under the driver’s seat of Ms. Manning’s car. After being positively identified by both, Ms. Manning and Officer Lynch via a photographic lineup, defendant was arrested and charged.
ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant argues the trial court erred in not granting a mistrial premised on an alleged reference by the prosecutor in his closing argument of defendant’s failure to testify. LSA-C. *153 Cr.P. art. 770 governs when a comment or remark is grounds for a mistrial and provides in pertinent part:
“Upon a motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[[Image here]]
(3) The failure of the defendant to testify in his own defense ...
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.”
The complained of statement made by the prosecutor is as follows:
“And if you notice something — I’m getting ahead of myself again, I apologize — during the entire course of defense counsel’s argument, well done, there was a name you didn’t hear but one time. You heard everybody else’s name that was involved in the case except one name, and you only heard that once and that was at the very end. You didn’t hear his name, did you? Do you know why? Because when he’s up there, guess who is on trial? Everybody but him. Everybody but the armed robber. She was on trial; the two police officers from Westwego were on trial, Torregano and Singleton — Ellington, rather; and Lynch. That’s who you heard was on trial. Why they didn’t do this and why they didn’t do that and how they screwed this up and screwed that up.”
Following the closing argument, defense counsel timely objected to the prosecutor’s statement and requested a mistrial. The trial judge denied this request and found the prosecutor’s statement did not amount to a comment on defendant’s failure to testify or to put on evidence and was not calculated to do same. We agree.
LSA-C.Cr.P. art. 774 governs the scope of closing argument and provides:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.”
The complained of statement occurred on the State’s rebuttal to the defense’s closing argument. We see the statement as an attempt to answer the argument of defendant that the State’s case was weak and confused and that some witnesses were not credible, or that the State did a poor job of investigating the case. As did the trial judge, we find the complained of statement was not a comment on the failure of defendant to testify or put on a case, nor was it calculated to do so. A mistrial was not warranted.
ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, defendant alleges his forty year sentence is excessive. LSA-R.S. 14:64.1(B) provides whoever commits the crime of first degree robbery shall be imprisoned from three to forty years, at hard labor, without benefit of parole, probation, or suspension of imposition or execution of sentence.
A trial judge is given wide discretion in the imposition of sentences within statutory limits and appellate courts shall not set aside sentences as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Restrepo, 538 So.2d 1130 (5th Cir.1989). The trial judge reviewed' the pre-sentence investigation report and concluded defendant deserved the maximum sentence allowed under the statute. The trial judge particularized the sentence to defendant pursuant to LSA-C.Cr.P. art. 894.1 and found all three aggravating factors existed and one of the mitigating factors. Defendant has a juvenile and adult record and was convicted of forcible rape in 1985. Further, numerous charges are currently *154 pending against him. The trial judge concluded defendant is a danger to the female population and to society, requiring the maximum sentence allowed. Finally, the judge noted he felt a verdict of guilty of armed robbery should have been returned and would have but for defense counsel’s closing argument.
Considering the nature of the crime, the nature and background of defendant and similar sentences imposed for similar crimes, we cannot say the trial judge abused his sentencing discretion. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (5th Cir.1988), writ denied 523 So.2d 1320 (La.1988).
Finally, we have reviewed the record for errors patent and find none.
For the foregoing reasons, the decisions of the trial court and the sentence imposed are affirmed.
AFFIRMED.

. The weapons charge is still pending.

. LSA-R.S. 14:64.1 provides as follows:
"A. First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
B. Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.”

.Only the commitment gives credit for time served. The transcript and minutes do not.