572 So.2d 652 (1990)
STATE of Louisiana
v.
Edward T. DELAUNE.
No. 90-KA-466.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
John M. Mamoulides, Dist. Atty., William C. Credo, III, Dorothy A. Pendergast, Asst. *653 Dist. Attys. (Louise Korns, of Counsel), Gretna, for plaintiff-appellee.
Martha E. Sassone, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, WICKER and BOWES, JJ.
KLIEBERT, Judge.
Defendant, Edward T. Delaune, was charged by bill of information with one count of aggravated burglary in violation of R.S. 14:60, and one count of attempted aggravated rape in violation of R.S. 14:27 and 14:42. A jury found him guilty of aggravated burglary and attempted forcible rape. A multiple offender bill was filed and defendant was sentenced to twenty years at hard labor on each count, the sentences to run concurrently. The first two years of the attempted forcible rape charge are to be served without benefit of probation or suspension of sentence. Defendant appeals. We affirm the conviction, but vacate the sentence and remand for resentencing.

FACTS:
The facts as established at trial are as follows: On May 20, 1989, at approximately 11:0011:30 P.M., defendant entered the victim's residence without authorization through a bathroom window. Kerry Napolitano, Leslie Alonzo and Kerry's nephew, Nicholas, were watching television when Kerry looked up and saw a white male, later identified as defendant, walking toward them. Defendant grabbed Kerry by the hair, forced her into the master bedroom, and told Alonzo to go into the bathroom with Nicholas to stop him from crying.
Defendant then grabbed Kerry by the neck, threw her against a wall, and demanded all the money in the house. Kerry said there was no money and defendant pushed her on the bed, sat on her chest, and tried to unbutton her shorts. Feeling "turned on" defendant began unbuttoning her shirt and feeling her breasts.[1] About this time, Kerry's sister, Merry, returned home and heard screaming. She proceeded to the bedroom and found defendant sitting on top of Kerry. Merry ran for help and defendant gave chase. Kerry attempted to stop him, saw defendant with a knife, and was punched by him.
About one week after the attack, while at the Immaculate Conception fair, Kerry recognized the defendant walking with another man, Johnny Laviolette. Kerry's group chased the men and Laviolette was caught by police. Laviolette told police his companion's name was Eddie, later identified as the defendant, and showed them where he lived. He also testified that when defendant saw Kerry, he said to "walk fast." After reaching a corner, they began to run. When Laviolette asked defendant why he was running, defendant said "something about a house."
Based on the evidence gathered, a photographic lineup was assembled. Kerry picked defendant out of fifteen pictures as the perpetrator of the crime. A subsequent search of defendant's mother's home produced a shirt identified by Kerry as the shirt worn by her attacker on the night of the crime.
Upon learning he was being sought by police, defendant voluntarily went to the Jefferson Parish Sheriff's office and, after being advised of his constitutional rights, gave a statement to Lieutenant Walter Gorman. Defendant was then arrested and charged.

ASSIGNMENTS OF ERROR
On appeal defendant assigns six errors committed by the trial court. Of the six, two were not briefed and are considered abandoned. Uniform Rules-Courts of Appeal Rule 2-12.4. The four alleged errors remaining are: (1) the trial court erred in denying defendant's motion to suppress inculpatory statements; (2) the evidence was insufficient to support the verdict; (3) the sentence imposed is excessive; and (4) any errors patent on the face of the record.
Defendant argues the trial court erred in denying his motion to suppress an oral *654 statement given to Lieutenant Gorman the night defendant turned himself in. This contention is based on defendant's claim of being too intoxicated to make a free and voluntary statement.
After being advised of his rights as per Miranda, defendant chose to make a statement to authorities. In order to use the statement, defendant must have voluntarily and intelligently waived his Miranda rights. State v. Castillo, 389 So.2d 1307 (La.1980), cert. denied, Castillo v. Louisiana, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981).
When an inculpatory statement is challenged on the grounds defendant was intoxicated at the time of the interrogation, a question of fact arises and the trial court must first determine whether intoxication did exist and then, was it of such a degree sufficient to vitiate the voluntariness of the confession or statement. State v. Robinson, 384 So.2d 332 (La.1980); State v. Vinet, 470 So.2d 348 (La.App. 5th Cir.1985). The trial court's decision on whether a statement was freely and voluntarily given is entitled to great weight and will not be overturned on appeal unless not supported by the evidence. State v. Benoit, 440 So.2d 129 (La.1983); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
At the suppression hearing, defendant presented three witnesses who testified they saw defendant the evening he turned himself in; he was drinking Jack Daniels whiskey and was intoxicated. One witness stated defendant could hardly stand up or talk.
Lieutenant Gorman testified he advised defendant of his rights, then he read to the defendant the waiver of rights form as defendant followed along. Defendant was then asked to and did read a few sentences out loud. Defendant indicated he understood his rights and signed the form. He then gave Lieutenant Gorman a statement which Gorman wrote down.
Detective Valencia Stallworth also testified. She stated she was present the evening defendant was brought to the correctional center and that he appeared coherent, did not appear intoxicated, nor did he smell like alcohol.
The trial judge's decision denying defendant's motion to suppress is entitled to great weight and is supported by the evidence. We, therefore, find no error committed by the trial court in denying defendant's motion to suppress a statement given to Lieutenant Gorman.
Defendant next attacks the sufficiency of the evidence used to convict him. The constitutional standard for testing the sufficiency of the evidence requires a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in a light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant was found guilty of aggravated burglary and attempted forcible rape. LSA-R.S. 14:60 defines aggravated burglary as follows:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.
A battery is defined as the intentional use of force or violence upon the person of another. LSA-R.S. 14:33.
Forcible rape is defined by LSA-R.S. 14:42.1 as follows:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act *655 by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
An attempt to commit a crime is defined by LSA-R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
The evidence produced at trial, when viewed in a light most favorable to the prosecution, clearly was sufficient to justify the verdict.
Defendant next argues his sentence is excessive. A trial judge is given wide discretion in the imposition of sentences within statutory limits and appellate courts shall not set aside sentences as excessive in the absence of a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La. 1984); State v. Paige, 556 So.2d 151 (La. App. 5th Cir.1990).
However, since we find reversible error in the multiple offender hearing, we vacate the sentence and remand for resentencing in accord with this opinion without reaching the issue of whether the sentence is excessive.
A review of the record for errors patent reveals error in the habitual offender proceedings conducted prior to the imposition of sentence pursuant to LSA-R.S. 15:529.1(D).
In State v. Johnson, 432 So.2d 815 (La. 1983), writ granted, 438 So.2d 1113 (La. 1983), appeal after remand, 457 So.2d 1251 (La.App. 1st Cir.1984) appeal after remand, 471 So.2d 1041 (La.App. 1st Cir. 1985), the Louisiana Supreme Court discussed the requirements of LSA-R.S. 15:529.1(D), supra, stating as follows:
"This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as *656 an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent."
Our review of the record reveals no showing that defendant was advised of his right to a formal hearing where the state must prove its case under the multiple offender statute, nor does it show that the defendant was informed of his right to remain silent. As this is reversible error under State v. Johnson, supra, we vacate defendant's sentence.
Further, it appears the trial judge sentenced defendant pursuant to the multiple offender statute on each count. The law is clear that only one count of a multi-count indictment/information can be used to enhance the penalty pursuant to LSA-R.S. 15:529.1 when the convictions were entered on the same day. State v. Sherer, 411 So.2d 1050 (La.1982), appeal after remand, 437 So.2d 276 (La.1983).
Therefore, defendant's sentence is vacated and the matter remanded to the trial court for resentencing on the multiple offender bill. See State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986).
For the foregoing reasons, defendant's conviction is affirmed. Defendant's sentence is vacated and the matter remanded for resentencing on the multiple offender bill.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
NOTES
[1] Defendant stated he had been drinking and had taken acid at the time of the attack.