EDWARDS, Judge.
Defendant/Appellant James Norwood appeals the judgment of the trial court finding him guilty of simple arson resulting in more than $500.00 damage in violation of LSA-R.S. 14:52. For the following reasons, we affirm.
In the early morning hours of March 3, 1997, a 1984 Volvo owned by Aaron Silver-stein was set on fire in the parking lot of Carmine’s II restaurant in Metairie. Jefferson Parish Sheriffs Office deputies, members of the Jefferson Parish Fire Department, and arson investigator Thomas Lowe reported to the scene. Officer Lowe determined that the vehicle was set on fire by an arsonist.
Deputy Roy Guggenheim of the Jefferson Parish Sheriffs Office conducted the investigation of the fire. He questioned various employees of Carmine’s II restaurant and others about the crime. It was discovered that on the night before the fire, a confrontation had occurred in the restaurant concerning a dent in the | defendant’s truck. The tires of two other vehicles, including Mr. Silverstein’s, had been slashed and various employees were accused of these actions. There was already bad blood between the defendant and Mr. Silverstein prior to these events taking place.
A few days after the arson occurred, the defendant was overheard at the restaurant admitting to setting Mr. Silverstein’s car on fire. He was intoxicated at the time that this confession took place. Even though the defendant admitted to the arson in front of witnesses, three alibi wit *995 nesses came forward who stated that the defendant was not at the restaurant on the night of the fire.
On August 18, 1998, a twelve member jury was empaneled and the case tried before the Honorable Patrick J. McCabe of the Twenty-Fourth Judicial District Court. By a vote of ten (10) to two (2), the jury found the defendant guilty of simple arson resulting in more than $500.00 damage in violation of LSA-R.S. 14:52.
On September 10, 1998, the trial court sentenced the defendant to five (5) years at hard labor. A motion for appeal was filed that day. The State then filed a multiple offender bill of information alleging that the defendant was a second felony offender. On December 18, 1998, the defendant pled guilty as second felony offender and was sentenced to seven and one-half (7® years at hard labor without benefit of probation or suspension of sentence. The appeal has. been granted and the matter is now before this Court for review.
LAW AND ANALYSIS
The defendant alleges two assignments of error on appeal. In his first assignment of error, the defendant alleges that the trial court erred by allowing an inculpatory statement into evidence which was allegedly made by the defendant | ¿while he was intoxicated. In his second assignment of error, the defendant alleges that the trial court erred by not allowing defense counsel to attack the credibility of the State’s witness by asking the witness questions about a prior criminal conviction. Defense counsel did not preserve the right to raise either of these issues on appeal. Therefore, the judgment of the trial court must be affirmed. •
The first assignment of error is that the trial court erred by allowing an inculpatory statement into evidence which was allegedly made by the defendant while he was intoxicated. LSA-R.S. 15:451 states:
“Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”
The defendant argues that the statement that he allegedly made in the restaurant while intoxicated was not free and voluntary. Therefore, it is his contention that the trial court should not have allowed the statement into evidence.
Before a confession can be introduced into evidence, the State has the burden of proving that the confession was free and voluntary. When the free and voluntary nature of a confession or incul-patory statement is challenged on the ground that the defendant was intoxicated at the time of the confession, the confession will be inadmissible only when the intoxication is of such a degree as to negate the defendant’s comprehension and to make him unconscious of the consequences of what he is saying. State v. Fugler, (La.App. 1st Cir. 9/25/98), 721 So.2d 1; State v. Burmaster, 97-517 (La.App. 3rd Cir. 2/25/98), 710 So.2d 274. The trial court’s decision on whether a statement was freely and voluntarily |sgiven is entitled to great weight and will not be overturned on appeal unless not supported by the evidence. State v. Delaune, 572 So.2d 652 (La.App. 5th Cir.1990); State v. Meredith, 400 So.2d 580 (La.1981).
The record in this case does not show that defendant either filed a motion to suppress the statement or that he made a contemporaneous objection at trial. Therefore, he did not preserve his right to raise the issue on appeal. LSA-C.Cr.P. art. 841; State v. Cooks, 97-0999 (La.9/9/98), 720 So.2d 637; cert. denied, — U.S. -, 119 S.Ct. 1342, 143 L.Ed.2d 505 (1999); State v. Pendelton, 96-367 (La.App. 5th Cir. 5/28/97), 696 So.2d 144; writ denied, 97-1714 (La.12/19/97), 706 So.2d 450. The purpose behind the *996 contemporaneous objection rule is to put the trial judge on notice of alleged irregularities so that he or she may cure the problem, and to prevent the defendant from gambling on a favorable verdict, then resorting to appeal on errors that might easily have been corrected by an objection. State v. Styles, 96-897 (La.App. 5th Cir. 3/25/97), 692 So.2d 1222; writ denied, 97-1069 (La.10/13/97), 703 So.2d 609.
Absent a motion to suppress or an objection at trial, the right to appeal this issue has not been preserved by the defendant. The judgment of the trial court must be affirmed.
The second assignment of error is that the trial court erred by not allowing defense counsel to attack the credibility of the State’s witness by asking the witness questions about a prior criminal conviction. As with the above stated issue, defense counsel did not lodge an objection at trial when this issue was raised.
| fiDuring trial, no mention was made of Mr. Filmore’s incarceration during direct examination by the State. On cross-examination, defense counsel questioned Mr. Filmore as follows:
Q. Okay, were you recently incarcerated?
A. Yes. It’s been about eight or nine months.
Q. Eight or nine months since your incarceration?
A. Yes.
Q. Was that here in Jefferson or-
A. No, ma'am. It was in Orleans Parish.
Q. All right.
At that point the State objected to defense counsel’s questions as improper. The court stated, “Objection sustained and-you have to find a basis.” Defense counsel neither objected to the court’s ruling nor attempted to question Mr. Filmore further as to the prior incarceration. Counsel in effect acquiesced to the court’s ruling. In failing to object to the trial court’s ruling.or to make a proffer as to what she hoped to elicit from Mr. Filmore, defense counsel did not properly preserve the issue for appeal. LSA-C.Cr.P. art. 841. The ruling of the trial court must be affirmed.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The record reveals one error patent.
In his colloquy with the defendant after the sentencing, the trial judge informed the defendant that “you have five days from today’s date in which to appeal this, from when this conviction becomes final in which to appeal this 17conviction, and three years to file any post-conviction relief.” The statement made by the trial judge may be confusing to the defendant because he said “from today’s date ” as well as “when this conviction becomes final.” LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The record reflects that the trial court in this case may have misinformed the defendant. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court’s opinion, then file written proof in the record that defendant had received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
In summary, it is the opinion of this Court that the defendant has not preserved either of the issues in dispute for appeal in compliance with LSA-C.Cr.P. art. 841. The judgment of the trial court must be affirmed.
*997 AFFIRMED AND REMANDED WITH INSTRUCTIONS.